Donahue, J.
Section 7625, General Code, vests in the board of education authority to determine the needs of the school district for the proper accommodation of its schools; and, where funds at its disposal, or funds that can be raised under the provisions of Sections 7629 and 7630, are not sufficient to provide such accommodations, it is the duty of the board of education to make an estimate of the probable amount of money required for such purpose, or purposes, and submit the question of issuing bonds for the amount of such estimate to the electors of the district at a general election, or at a special election called for that purpose.
A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is author *374 ized by law to determine. Nor will a court restrain such board of education from carrying into effect its determination of any question within its jurisdiction, except for an abuse of discretion, or for fraud and collusion on the part of such board in the exercise of its statutory authority.
In this action the plaintiffs aver that it was and is wholly unnecessary to purchase a site and build and construct a schoolhouse for the proper accommodation of the schools of this district; that the resolution of the board of education declaring the same to be necessary was fraudulent and in pursuance of collusion and conspiracy to effect a centralization of the schools of that district without submitting the question to a vote of the electors, as required by Section 4726, General Code.
This petition states a good cause of action. The demurrer thereto was properly overruled by the common pleas’court. The defendants not desiring to plead further, judgment as prayed for in the petition followed as a matter of course. The cause was then appealed to the court of appeals, and in that court the defendants filed an answer denying the allegations of fraud and collusion and averring that the question presented by the plaintiffs’ petition had theretofore been fully adjudicated in 'a court of competent jurisdiction, at the suit of a taxpayer or taxpayers of that school district. The answer further averred that since the commencement of the suit the question of centralization had been submitted to the electors of the school district and ratified by a majority vote. The reply, in *375 effect, denied the affirmative averments of the answer.
The court of appeals found from the evidence upon all the issues in favor of the defendants. No bill of exceptions wa§ taken, and no question is presented by this record as to the sufficiency of the evidence. The finding and judgment of the trial court is therefore conclusive upon the parties to this action upon all issues of fact joined by the pleadings.
The court of appeals having found from the evidence that the board of education exercised the discretion conferred upon it.by law, without fraud or collusion, it is wholly unimportant to discuss the effect of the centralization of the schools by a vote of the electors, of the district after the commencement of this suit and before the trial in the court of appeals.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.